United States District Court
Southern District of Texas
**ENTERED**
October 22, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **APOLINAR SANCHEZ LOPEZ,** **Petitioner,** | § § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 5:26-CV-01036** |
| | § | |
| **MARKWAYNE MULLIN, *et al*.,** **Respondents.** | § § | |

**ORDER**

Before the Court is Petitioner's Petition for Writ of Habeas Corpus, (Dkt. No. 1), and Respondents' Motion for Summary Judgment, (Dkt. No. 8). Petitioner, a citizen of Mexico, challenges his ongoing detention without a bond hearing. Petitioner has been detained in federal immigration custody since May 19, 2026.

The Court finds that Petitioner's deprivation of liberty without constitutionally adequate procedures is a violation of his due process rights, and the failure to provide due process warrants his release. For the reasons stated below, Petitioner's Petition for Writ of Habeas Corpus is granted. Respondents are ordered to release Petitioner **by October 26, 2026, at 5:00 p.m.** The parties are ordered to notify the Court of the status of Petitioner's release **by October 28, 2026, at 5:00 p.m.**

## I. BACKGROUND

### A. Factual Background

Petitioner entered the United States without inspection in 2004, following two previous voluntary returns to Mexico at ports of entry that same year. (Dkt. Nos. 8-2, 15 at 2). Petitioner has resided continuously in Oklahoma since his entry without inspection in 2004. (Dkt. No. 15 at 2).

On May 19, 2026, Immigration and Customs Enforcement (ICE) Fugitive Operations apprehended and detained Petitioner in Oklahoma City while conducting surveillance. (Dkt. No. 8-2 at 2). ICE discovered Petitioner's vehicle was registered to him and that he was in the country unlawfully. (*Id.*). ICE served Petitioner with an arrest warrant and a Notice to Appear in immigration proceedings. (*Id.*; Dkt. No. 8-1). Petitioner

represents, and Respondents do not contradict, that he has no criminal history. (Dkt. Nos. 1 at 3; 8-2).

Petitioner was ordered removed by an Immigration Judge. (Dkt. No. 15 at 3). Petitioner appealed his removal order, and that appeal remains pending. (*Id.*). Petitioner has remained continuously detained since May 19, 2026, and he has not received an individualized bond hearing during that time. (Dkt. No. 1 at 7–8).

Petitioner has also developed strong ties to the community during his 22-year continuous residence in the United States. Petitioner has a U.S. citizen granddaughter who lives in his home with him and he is the primary medical caregiver for his wife. (Dkt. No. 1 at 4). Further, Petitioner has been a pastor and religious leader in his local community for more than a decade. (*Id.*).

**B. Legal Background**

DHS and the Department of Justice (DOJ) released interim guidance in July 2025 announcing a new legal position on detention authorities for noncitizens. The guidance interpreted the mandatory detention provision of Section 235 of the Immigration and Nationality Act (INA), or 8 U.S.C. § 1225, as applying to the detention of all "applicants for admission," including all noncitizens who have not been admitted, whether they arrive at a port of entry or enter without inspection. This position was adopted by the BIA in September 2025. *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

In the months following the shift in policy, federal district courts across the country found the Government's interpretation at odds with the text of the statute and ordered bond hearings, or release, for noncitizens subject to mandatory detention under the policy. *See, e.g., Barco Mercado v. Francis*, 811 F. Supp. 3d 487, 494–95 (S.D.N.Y. 2025) (collecting cases). In February 2026, the Fifth Circuit held that Section 1225(b)(2) applies to all applicants for admission, regardless of whether they are actively "seeking admission" when they are detained. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026). However, *Buenrostro* did not address the validity of due process claims such as those raised by Petitioner in this case. *See Buenrostro-Mendez*, 166 F.4th at 502–08 (focusing discussion exclusively on interpretation of 8 U.S.C. § 1225); *see also Bonilla Chicas v. Warden*, 821 F. Supp. 3d 782, 790–91 (S.D. Tex. 2026) (clarifying that *Buenrostro-Mendez* does not foreclose due process claims); *Padron Covarrubias v.*

*Vergara*, No. 5:25-CV-112, 2025 WL 2950097 (S.D. Tex. Oct. 8, 2025), *rev'd and remanded sub nom Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) (explaining the Court's prior statutory interpretation of Section 1225).

On July 2, 2026, the Fifth Circuit issued a panel decision in *Sosnava-Rodriguez v. Ortega*, which addressed due process issues similar to those presently before the Court. 180 F.4th 702 (5th Cir. 2026). The Fifth Circuit panel held that noncitizens detained under 8 U.S.C. § 1225(b)(2)(A) may not be detained for longer than ninety days without a bond hearing. *Id.* at 727–28. On July 10, 2026, the Fifth Circuit granted its own motion for rehearing en banc. *Sosnava-Rodriguez v. Ortega*, 181 F.4th 608 (5th Cir. 2026). Consequently, the July 2 opinion was vacated and is no longer binding authority. *Id.*

On July 21, 2026, following the vacatur of the panel decision, the Fifth Circuit issued a stay of the underlying district court judgments. *Sosnava Rodriguez v. Ortega*, 183 F.4th 387, 388 (5th Cir. 2026). Respondents argue that the stay order serves as binding precedent on this Court as to the substantive issues in this case. However, interim orders granting a stay are "not conclusive as to the merits," but may "inform how a court should exercise its equitable discretion in like cases." *Trump v. Boyle*, 145 S. Ct. 2653, 2654 (2025). Here, the Fifth Circuit's stay order does not address the scope of the stay, nor does it provide reasoning or analysis explaining the stay. As such, the Court finds that the stay order does not prevent the Court from ruling on the merits of this case. While this Court must follow the Fifth Circuit's binding precedent, the Court cannot discern meaning from, and is not bound by, an unexplained stay order. Absent clearer guidance from the Fifth Circuit, the Court will proceed to address the merits of these cases pending before it. *See, e.g.*, *Mercado Leyva v. U.S. Dep't of Just. Immigr. Court*, 5:26-CV-01196, slip op. at 2–3 n.1 (S.D. Tex. July 23, 2026); *Tolentino-Rodriguez v. Blanche*, 4:26-CV-05611, slip op. at 2 n.1 (S.D. Tex. July 23, 2026); *Guerra Estrada v. De Anda Ybarra*, EP-26-CV-1897, 2026 WL 2168090, at *1 n.1 (W.D. Tex. July 28, 2026); *Rodriguez v. Blanche*, 2026 WL 2221493, at *14 (W.D. Tex. Aug. 3, 2026); *Tiquiram-Us v. Dilley Immigr. Processing Ctr.*, 2026 WL 2242499, at *1 (W.D. Tex. July 31, 2026).

This Court has granted habeas relief to noncitizens subject to mandatory detention under Section 1225(b) when they have acquired protected liberty interests. *Lopez Moncebais v. Bondi*, No. 5:26-CV-268, slip op. (S.D. Tex. Mar. 27, 2026);

*Khamitsaev v. Vasquez*, No. 26-CV-00112, 2026 WL 2086038 (S.D. Tex. July 20, 2026). In *Lopez Moncebais*, this Court found that *Buenrostro* does not foreclose due process challenges to mandatory detention, a noncitizen subject to mandatory detention may bring an as-applied due process challenge to 8 U.S.C. Section 1225(b)(2), Supreme Court precedent does not foreclose that type of challenge, and liberty interests in freedom from detention must be protected by due process of law, including individualized justification for civil detention. *See id.* The Court then applied the balancing test from *Mathews v. Eldridge*, 424 U.S. 319 (1976), and found that the petitioner's procedural due process rights had been violated. *Id.* at 13 (citing *Mathews*, 424 U.S. at 333). The Court ordered immediate release for the due process violation. *Id.* at 17.

Then, in *Khamitsaev*, the Court considered the same issues as to a petitioner who was paroled upon entry as an arriving alien. The Court found that such an individual could acquire a protected liberty interest even in light of the entry fiction. *Khamitsaev*, 2026 WL 2086038, at *5. The Court determined that, in those circumstances, the mandatory detention of a petitioner, without any individualized determination, is a deprivation of liberty that must be safeguarded with adequate procedures. *Id.*

## II. DISCUSSION

Petitioner filed the instant petition for a writ of habeas corpus, maintaining that he is entitled to release from detention. In his petition, Petitioner asserts claims alleging violation of the INA and violation of the Due Process Clause of the Fifth Amendment. Petitioner requests, among other things, that this Court issue an order immediately releasing him from custody. (Dkt. No. 1 at 19).

Respondents argue that Petitioner is subject to mandatory detention and that his detention does not violate due process. The Court principally addresses Petitioner's procedural due process claim and finds that his detention violates due process.[1] The Court incorporates the legal standards and analysis applied in its prior orders granting a petition for a writ of habeas corpus under similar facts. *Khamitsaev v. Vasquez*, No. 26-CV-00112, 2026 WL 2086038 (S.D. Tex. July 20, 2026); *Lopez Moncebais v. Bondi*, No. 5:26-CV-268, 2026 WL 1862153 (S.D. Tex. Mar. 27, 2026).

[1] Because the Court grants Petitioner's requested relief without consideration of his other claims, the Court declines to address the merits of those claims.

As the Court explained above, in *Lopez Moncebais* and *Khamitsaev*, this Court found: *Buenrostro* does not foreclose due process challenges to mandatory detention; a noncitizen subject to mandatory detention may bring an as-applied due process challenge to 8 U.S.C. Section 1225; Supreme Court precedent does not foreclose that type of challenge; and liberty interests in freedom from detention must be protected by due process of law, including individualized justification for civil detention. The Court also found that the entry fiction does not bar due process. The Court then found that the petitioner's procedural due process rights had been violated. The Court ordered immediate release for the due process violation.[2]

The Court finds that the same reasoning applies to these facts. Here, Petitioner has resided in the United States since 2004, which the Court finds sufficient to create a liberty interest requiring that his detention is safeguarded with constitutionally adequate procedures, including an individualized determination of whether he should be detained.

The Court notes that Petitioner has now been in custody for five months, and he would otherwise remain in detention while the immigration proceedings remain pending. His detention is not based on conviction for a crime—it is civil in nature—and he has never received an individualized hearing to determine whether he is a danger to the community or a flight risk. For these reasons and the reasons discussed in the Court's analysis in *Lopez Moncebais* and *Khamitsaev*, Respondents are not entitled to judgment as a matter of law. Petitioner's detention violates his rights under the Due Process Clause of the Fifth Amendment, he is entitled to relief, and the appropriate remedy is to order Petitioner's immediate release from custody.[3]

---

[2] The Court also denied attorney's fees under the EAJA and incorporates that analysis here as well. *Lopez Moncebais*, 2026 WL 1862153, at *11.

[3] A district court has equitable discretion in determining the appropriate remedy "as law and justice require" for unlawful detention in a habeas petition. *See Brown v. Davenport*, 596 U.S. 118, 127–28 (2022). The Court finds that the specific harm Petitioner suffered—unlawful deprivation of liberty without due process—is remedied by granting his immediate release, rather than ordering a bond hearing. As explained in *Lopez Moncebais*, "[t]he Court recognizes the weight of its decision to order Petitioner's release from custody." 2026 WL 1862153, at *10 n.20; *see also Khamitsaev*, 2026 WL 2086038, at *10. The Court reaches this conclusion for several reasons. First, the Fifth Circuit has held that Section 1226(a), which provides for a bond hearing, does not apply to any applicants for admission. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 504–05 (5th Cir. 2026). Additionally, providing a hearing after Petitioner's unjustified deprivation of liberty does not cure the deprivation. *See Bonilla Chicas v. Warden*, 821 F. Supp. 3d 782, 799–800 (S.D. Tex. 2026). Finally, the Court finds that an Immigration Judge would be unlikely to hold the bond hearing if ordered

## III. CONCLUSION

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. No. 1), is **GRANTED**. Respondents' Motion for Summary Judgment, (Dkt. No. 8), is **DENIED**.

Respondents are **ORDERED** to **RELEASE** Petitioner from custody **by October 26, 2026, at 5:00 p.m.**, under reasonable conditions of release, and to submit a status report to the Court confirming Petitioner's release **by October 28, 2026, at 5:00 p.m.** Respondents must notify Petitioner's counsel of the exact time and location of Petitioner's release **no less than two hours** prior to Petitioner's release from custody. Respondents are ordered to return Petitioner's identity documents and personal effects upon his release.

All other relief requested by Petitioner or Respondents, including any request for attorney's fees, is **DENIED**.

If Petitioner is re-detained, Petitioner must be afforded procedural due process as guaranteed by the Due Process Clause of the Fifth Amendment.

A final judgment will follow.

It is so **ORDERED**.

**SIGNED** on October 22, 2026.

John A. Kazen
United States District Judge

because the BIA's position is that there is no jurisdiction to hold bond hearings for all applicants for admission detained under Section 1225(b)(2). *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216; *see also Rojas v. Noem*, No. EP-25-CV-443, 2025 WL 3038262, at *4 n.2.